## THE PEOPLE v. GILLESPIE.

COUNTY COMMISSIONERS—RESIGNATION—FILLING VACANCY IN OFFICE—COMMISSIONERS.—Under the statutes, the resignation of a county commissioner must be tendered to the board of which he is a member, and the vacancy must be filled by the commissioners. The governor has no power to fill such vacancies.

APPEAL from the third judicial district, Ada county.

*Albert Heed*, district attorney, for the appellants.

*Curtis & George*, for the respondent.

SMITH, J., delivered the opinion of the court, McBRIDE, C. J., concurring.

The people were complainants against R. L. Gillespie in an action of *quo warranto* for usurping the office of county commissioner, and for wrongfully exercising the duties of that office. It appears from the record that one Gilbert resigned the office of commissioner of said county, to the governor of the territory, who appointed and commissioned one R. H. Lindsay to fill the vacancy occasioned by such resignation. It also shows that Robert L. Gillespie was appointed to fill the same vacancy by the other members, constituting a quorum of the board of commissioners of said county. Gillespie qualified and entered upon the office under his appointment, the said Lindsay claiming to be entitled thereto under his appointment by the governor.

The only question for this court to determine now is, who had the right to appoint or fill said vacancy? Section 9, parts 2 and 3 of the act creating officers, page 593, sets forth fully and completely to whom and the manner in which all resignations shall be made; and it appears that it was the duty of the said commissioner to have resigned to the county commissioners, and, further, that by virtue of the resignation being made to them they had the appointing power.

The decision of the court below is affirmed and the cause remanded for further proceedings.